UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CREATIVE KLICK AGENCY, LLC,

       Plaintiff,

v.

IGNITE INTERNATIONAL, LTD.; IGNITE SPIRITS, INC.; IGNITE INTERNATIONAL BRANDS, LTD.; DANIEL BILZERIAN; SOCIETY GOAT LLC; and DOES 1-3,

       Defendants.

Case No.:

# COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, CREATIVE KLICK AGENCY, LLC, by and through its undersigned counsel, hereby sues the Defendants, IGNITE INTERNATIONAL, LTD.; IGNITE SPIRITS, INC.; IGNITE INTERNATIONAL BRANDS, LTD.; DANIEL BILZERIAN; SOCIETY GOAT LLC; and DOES 1-3, and alleges as follows:

1. This is an action seeking damages and injunctive relief for willful copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 501, *et seq.*

## PARTIES

2. The Plaintiff, CREATIVE KLICK AGENCY, LLC (the "AGENCY"), is a Florida limited liability company with a principal address at 10560 NW 56th Drive, Coral Springs, Florida 33076.

3. Upon information and belief, the Defendant, IGNITE INTERNATIONAL, LTD. ("IGNITE"), is a Wyoming corporation with a principal office at 3275 S. Jones Blvd, Suite 105, Las Vegas, Nevada 89146.

4. Upon information and belief, the Defendant, IGNITE SPIRITS, INC. ("IGNITE SPIRITS"), is a Wyoming corporation with a principal office at 3275 S. Jones Blvd, Suite 105, Las Vegas, Nevada 89146.

5. Upon information and belief, the Defendant, IGNITE INTERNATIONAL BRANDS, LTD., is a Canadian corporation with a principal office in Vancouver, British Columbia, which does business in the United States of America.

6. Upon information and belief, the Defendant, DANIEL BILZERIAN ("DAN BILZERIAN"), is a resident of Las Vegas, Nevada and is otherwise *sui juris*.

7. Upon information and belief, the Defendant, SOCIETY GOAL LLC ("SOCIETY GOAT"), is a Florida limited liability company with a principal address at 3105 NE 184th St. #7305, North Miami, Florida.

8. The true name and capacity of the Defendant, DOE 1, is presently unknown to the AGENCY, which sues said Defendant by such fictitious name. DOE 1 uses the Instagram name "ignite" when infringing upon infringing upon the AGENCY's copyright, and this Instagram account has 3.1 million followers. If necessary, the AGENCY will seek leave of court to amend this Complaint to state DOE 1's true name when ascertained. Upon information and belief, the AGENCY alleges that DOE 1 should be subject to the relief requested herein.

9. The true name and capacity of the Defendant, DOE 2, is presently unknown to the AGENCY, which sues said Defendant by such fictitious name. DOE 2 uses the Instagram name "ignite.spirits" when infringing upon infringing upon the AGENCY's copyright. If necessary, the AGENCY will seek leave of court to amend this Complaint to state DOE 2's true name when

2

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

ascertained.  Upon information and belief, the AGENCY alleges that DOE 2 should be subject to the relief requested herein.

10.     The true name and capacity of the Defendant, DOE 3, is presently unknown to the AGENCY, which sues said Defendant by such fictitious name.  DOE 3 uses the Instagram name "sashagoat" when infringing upon infringing upon the AGENCY's copyright, and this Instagram account has 89,000 followers.  If necessary, the AGENCY will seek leave of court to amend this Complaint to state DOE 3's true name when ascertained.  Upon information and belief, the AGENCY alleges that DOE 3 should be subject to the relief requested herein.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

12.     This Court has personal jurisdiction over these Defendants pursuant to 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 1400; and Florida's long-arm jurisdiction statute, § 48.193, Fla. Stat.  All Defendants solicit, transact, and do business within the State of Florida and have committed unlawful and tortious acts both within and without the State of Florida, causing injury in Florida.  The AGENCY's claims arise from the conduct that gives rise to personal jurisdiction over these Defendants.  In addition, each Defendant either resides in this district or has substantial and continuous ties to this district.

13.     This Court also has the Defendants pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the AGENCY's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

## **ALLEGATIONS OF FACT COMMON TO ALL COUNTS**

14. For the past five years, SOCIETY GOAT enjoyed a relationship with the AGENCY wherein the AGENCY would from time to time provide various services to SOCIETY GOAT's clientele that SOCIETY GOAT itself could not provide.

15. In January of 2021, SOCIETY GOAT contacted the AGENCY to inform it that SOCIETY GOAT had come into contact with IGNITE, a corporation owned by millionaire playboy and social media celebrity DAN BILZERIAN.

16. Several business ventures fall under the purview of IGNITE, including a CBD brand, an energy drink, a bikini line, vape pens, and a vodka. Upon information and belief, IGNITE SPIRITS produces and distributes the vodka.

17. All of IGNITE's business ventures are heavily promoted on Instagram. IGNITE's Instagram account boasts an impressive 3.1 million followers. However, DAN BILZERIAN, dubbed the "King of Instagram" by international media organizations, maintains a personal Instagram account which has amassed over 32 million followers.

18. According to statements made by SOCIETY GOAT to the AGENCY, IGNITE was in the market to hire a social media manager, which would include all aspects of management including photography and content output. SOCIETY GOAT knew that it would be unable to take this task on alone, so it contacted the AGENCY to put together a joint proposal which would indeed encompass all aspects of a social media manager for these massive accounts.

19. At all material times, IGNITE was aware of each social media management aspect which would be handled by SOCIETY GOAT, and each aspect which would be handled by the AGENCY.

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

20. Ultimately, IGNITE hired SOCIETY GOAT to manage its accounts, and SOCIETY GOAT was tasked by IGNITE to enter into negotiations with the AGENCY for the AGENCY to provide social media marketing material, including high-end photography. During this time, the AGENCY was communicating only with Alex Kosloff (the owner of SOCIETY GOAT) and Taylor Bell (a senior events coordinator at IGNITE).

21. During the course of the AGENCY's negotiations with IGNITE and SOCIETY GOAT, Alex Kosloff of SOCIETY GOAT represented to the AGENCY that IGNITE was prepared to hire the AGENCY, and IGNITE only needed the "president's go ahead." Upon information and belief, DAN BILZERIAN was and is the "president" referenced by SOCIETY GOAT.

22. SOCIETY GOAT and IGNITE represented to the AGENCY that IGNITE wanted to see some samples of the AGENCY's work with IGNITE SPIRITS' vodka bottle prior to entering into a formal relationship with the AGENCY. IGNITE SPIRITS sent one of its vodka bottles, and the AGENCY put together a full photoshoot, believing this would finalize the deal.

23. On or about January 25, 2021, the AGENCY sent four of its best photographs of the vodka bottle to Kosloff of SOCIETY GOAT and to Taylor Bell of IGNITE. These photographs are attached as *Composite Exhibit A*, and individually referenced herein as *Exhibit A-1*, *Exhibit A-2*, *Exhibit A-3*, and *Exhibit A-4*. During this time, Kosloff repeatedly told the AGENCY that IGNITE loved the photographs, and that they were creating "a lot of buzz."

24. The AGENCY did not hear from IGNITE for several days, until the AGENCY emailed Taylor Bell of IGNITE requesting an update.

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

On Feb 2, 2021, at 2:14 PM, Jennifer DiGirolamo <jenny@creativeklick.com> wrote:

Hi Taylor!

Hope you are doing well. I wanted to follow up and see if the team was happy with the photography, we did for GENIX and Ignite.

I'm hopeful everyone is satisfied with the images. Let me know if you have an internal assignment agreement for us to execute or if you have another agreement that you want us to review and sign.

🙂
Thanks
Jenny

25. Taylor Bell's response shows that IGNITE, at all material times, knew that the images were owned by the AGENCY, and knew that IGNITE would need to either hire the AGENCY and/or purchase the images.

Taylor Bell <taylor.bell@ignite.co>
Tue 2/2/2021 8:42 PM
To: Jennifer DiGirolamo <jenny@creativeklick.com>
Cc: Taylor Russell <taylor@creativeklick.com>

Hey Jenny,

The team LOVED the images. We're still trying to figure out how we want to move forward with marketing and what our budget is overall. Once we get all of our ducks in a row I will reach out!

Thanks,

**Taylor Bell**
Senior Events Coordinator
Mobile 954.815.2079
Email taylor.bell@ignite.co
Website www.ignite.co

26. The AGENCY owns the copyright to those four photographs, U.S. Copyright Registration Number VA 2-237-689.

27. The Defendants produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed the AGENCY's protected works or derivatives thereof, without

6

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

the AGENCY's consent. In doing so, the Defendants violated the AGENCY's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display her work, in violation of 17 U.S.C. §§ 106 and 501. See, e.g., ***Composite Exhibit B***.

28. Without the AGENCY's authorization, the Defendants used the copyrighted photographs to post on social media as well as the IGNITE/IGNITE SPIRITS websites, and the Defendants continue to use the copyrighted photographs as of April 12, 2021.

29. Without the AGENCY's authorization, the Defendants shared and marketed, or caused to be shared and marketed, to millions of social media users by way of IGNITE's Instagram page, IGNITE SPIRITS' Instagram page, DAN BILZERIAN's Instagram page, and the social media activity by DOES 1-3.

30. The Defendants' willful violations of the AGENCY's rights to the photographs occurred *after* IGNITE and SOCIAL GOAT informed the AGENCY that they would not be hiring the AGENCY as previously discussed – and that IGNITE would instead be hiring SOCIAL GOAT to create the photographs for social media.

31. The Defendants willfully and intentionally sought to appropriate the AGENCY's hard work for their own profit without bearing the cost thereof. In sharing the spectacular photographs to their tens of millions of social media followers, the AGENCY is informed and believes and based thereon alleges the Defendants did in fact profit directly from the use of the AGENCY's copyrighted photographs.

32. The AGENCY has never authorized any of the Defendants, by license or otherwise, to copy, reproduce, distribute, or display any of the copyrighted photographs, or to prepare derivative works based on those photographs.

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

## COUNT I
### WILLFUL COPYRIGHT INFRINGEMENT
**17 U.S.C. §§ 501 & 504**
*(against all Defendants)*

33. The AGENCY avers the allegations stated in Paragraphs 1 through 32, and incorporates them into this Count by reference, as though they were fully set forth herein.

34. The AGENCY is and has been the producer and owner of the four photographs reproduced, distributed, and publicly displayed by the Defendants through various social media accounts and websites.

35. For each of the photographs at issue in this matter, the AGENCY holds the copyright registration certificate from the United States Copyright Office.

36. Without authorization by the AGENCY, the Defendants willfully and internationally copied, reproduced, distributed, and publicly displayed the four copyrighted photographs, infringing upon the AGENCY's copyright.

37. Without authorization by the AGENCY, the Defendants made the copyrighted photographs available to the public on the internet and social media for their own benefit.

38. The Defendants knew their acts constituted copyright infringement.

39. The Defendants' conducts were willful within the meaning of the Copyright Act.

40. As a result of their wrongful conduct, the Defendants are liable to the AGENCY for copyright infringement pursuant to 17 U.S.C. 501. The AGENCY has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

41. The AGENCY is entitled to recover damages, which includes its losses and any and all profits the Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504. Alternatively, the AGENCY is entitled to statutory damages under 17 U.S.C. § 504(c).

42. In addition, because the Defendants' infringements were willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

43. The AGENCY is entitled to recover its attorneys' fees and court costs pursuant to 17 U.S.C. § 505.

## COUNT II
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
*(against all Defendants)*

44. The AGENCY avers the allegations stated in Paragraphs 1 through 43, and incorporates them into this Count by reference, as though they were fully set forth herein.

45. Numerous individuals and entities directly infringed the AGENCY's copyrighted photographs.

46. The Defendants induced, cause, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to reproduce and distribute the AGENCY's photographs.

47. The Defendants had knowledge of the infringing acts relating to the AGENCY's copyrighted works.

48. The acts and conduct of the Defendants constitute contributory copyright infringement.

9

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

## COUNT III
### VICARIOUS COPYRIGHT INFRINGEMENT
*(against all Defendants)*

49. The AGENCY avers the allegations stated in Paragraphs 1 through 48, and incorporates them into this Count by reference, as though they were fully set forth herein.

50. Numerous individuals and entities directly infringed the AGENCY's copyrighted photographs.

51. Each Defendant had the right and the ability to control the infringing acts of the individuals or entities who directly infringed the AGENCY's photographs.

52. The Defendants obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed the AGENCY's photographs.

53. The acts and conduct of the Defendants constitute vicarious copyright infringement.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests judgment as follows:

(1) For an Order enjoining the Defendant, its officers, agents, employees, and those acting in concert or conspiracy with it, temporarily during the pendency of this action and permanently thereafter from:

   a. infringing, or contributing to or participating in the infringement by others, the copyright in the Photographs, or acting in concert with, aiding and abetting others to infringe said copyright in any way; and

   b. copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Photographs which the Plaintiff is the owner of exclusive rights under the respective copyrights or derivative works based thereon;

(2) That the Defendant be required to account for and pay the Plaintiff the actual damages sustained by the Plaintiff as a result of the infringement and any profits of the Defendant attributable to the infringement of the Plaintiff's copyright or exclusive rights under copyright and to pay such damages to the Plaintiff as this Court deems just and proper

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

within the statutory provisions of the Copyright Act, or in the alternative, at the Plaintiff's election, statutory damages for infringement of each copyright as set forth in 17 U.S.C. § 504;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of the Plaintiff's photographs which are in the Defendants' possession, custody, or control;

(4) For an award of costs pursuant to 17 U.S.C. § 505 or as otherwise provided by law;

(5) For an award of attorneys' fees pursuant to 17 U.S.C. § 505;

(6) For an award of pre-judgment and post-judgment interest in the maximum amount permitted by law; and

(7) For any other relief this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The AGENCY hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

*Dated: April 12, 2021.*          **ROMAGUERA LAW GROUP**
*Counsel for Creative Klick Agency, LLC*
11911 U.S. Highway One | Suite 303
North Palm Beach, FL 33408
Telephone:    (561) 472-1077
Facsimile:    (561) 472-1078
Service:      Pleadings@RomagueraLaw.com
Scheduling:   MGallagher@RomagueraLaw.com

 ***/s/ Christian Romaguera***
Raul Romaguera, Esquire
Florida Bar No. 0915858
RR@RomagueraLaw.com
Christian Romaguera, Esquire
Florida Bar No. 1012179
CR@RomagueraLaw.com

Our File No. 1313.2682

11

**ROMAGUERA LAW GROUP, P.A.**
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078