## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-60789-COHN/STRAUSS

CREATIVE KLICK AGENCY, LLC,

      Plaintiff,

v.

IGNITE INTERNATIONAL, LTD., et al.

      Defendants.

_____ /

## DEFENDANT, SOCIETY GOAT LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      Defendant, Society Goat, LLC ("Society Goat"), moves pursuant to Fed. R. Civ. P. 12(b)(6), for entry of an order dismissing the Complaint and Demand for Jury Trial [D.E. 1] filed by Plaintiff, Creative Klick Agency, LLC ("Plaintiff"), and states:

### Background

      Plaintiff asserts three counts against Society Goat for Willful Copyright Infringement pursuant to 17 U.S.C. §§ 501 & 504 (Count I); Contributory Copyright Infringement (Count II); and Vicarious Copyright Infringement (Count III). The Complaint, however, fails to allege any facts that would support such claims against Society Goat.

      With respect to Society Goat, the Complaint alleges as follows:

- Plaintiff sometimes provided services to Society Goat's clientele. [D.E. 1 at ¶14].

- Society Goat allegedly told Plaintiff that Defendant, Ignite International, Ltd. ("Ignite") was in the market for a social media manager, and "contacted [Plaintiff] to put together a joint proposal" for Ignite. [D.E. 1 at ¶18-19].

- Society Goat led it to believe that Ignite was considering whether to hire Plaintiff.  [D.E. 1 at  ¶20].

- Society Goat and Ignite requested that Plaintiff provide samples of Plaintiff's work.

- Plaintiff "put together a full photoshoot". [D.E. 1 at  ¶22].

- Plaintiff provided certain photographs to Society Goat and Ignite. [D.E. 1 at  ¶23].

- "Defendants" then used the copyrighted photographs without Plaintiff's permission to post on social media as well as the websites of Ignite and Ignite Spirits websites.  [D.E. 1 at ¶27-29].

Nothing in the Complaint alleges that Society Goat directly committed any alleged infringing acts, directed, or had authority to direct, any of the other defendants to commit any alleged infringing acts, or in any way profited from any alleged infringing act.  The Complaint, therefore, fails to state a claim for either direct or indirect infringement and should be dismissed.

### Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) (alteration in original). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). However, when considering a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Moreover, "[t]hreadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

<u>Argument</u>

**I.    Count I for Direct Infringement Fails**

The Complaint fails to state a claim for direct infringement against Society Goat. "To state a claim for direct copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 2019 WL 3716775, *3 (S.D. Fla. Aug. 7, 2019). The Complaint never alleges that Society Goat copied any of the photographs at issue. The Complaint also fails to specify who among the defendants is the direct infringer. Instead, the Complaint is a "shotgun pleading in that it assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id*. at *2 (internal quotations omitted) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). For this basis alone, the Complaint should be dismissed.

**II.   Count II for Contributory Copyright Infringement Fails**

The Complaint also fails to state a claim for contributory copyright infringement as to Society Goat, and therefore, Could II should be dismissed. "Contributory copyright infringement is the intentional inducement, causation, or material contribution to the infringing conduct of another." *First Impressions Design & Mgmt. v. Kucyk*, 2016 WL 8793340, *5 (S.D. Fla. March 7, 2016). It occurs when "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Id*. One must allege (1) a direct infringement; (2) that the defendant(s) had knowledge of the direct infringement; and (3) the defendants intentionally induced, encouraged, or materially contributed to the direct infringement.

*Id*.; *Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc*., 2010 WL 1791754 (S.D. Fla. May 5, 2010) (J. Cohn) ("[C]ontributory copyright infringement occurs only if the alleged contributory infringer knew or had reason to know of another party's direct infringement.").

The Complaint does not contain allegations as to how Society Goat induced, caused or materially contributed to the infringing conduct of the direct infringer. Notably, the Complaint fails to identify who the direct infringer is, making it impossible to determine how Society Goat induced, caused, or materially contributed to the unnamed actor's infringement, or how Society Goat allegedly went about inducing, encouraging or materially contributing to such infringement.

### III.   Count III for Vicarious Infringement Fails

Similarly, the Complaint fails to state a claim against Society Goat for vicarious infringement. The elements of vicarious infringement are (1) a direct infringement by another; (2) the defendant profited from the infringement; and (3) the defendant had the right to stop or limit the infringement. *BWP Media USA Inc. v. S. Fla. Chronicle, Inc*., 2015 WL 11181967, \*3 (S.D. Fla. Apr. 20, 2015) (J. Cohn); *Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc*., 2010 WL 1791754, \*3 (S.D. Fla. May 5, 2010) (J. Cohn) ("Liability for vicarious copyright infringement arises when the defendant profits directly form the infringement and has a right or ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement."); *see also Affordable Aerial Photography*, 2019 WL 3716775 at \*3 (granting motion to dismiss claim for vicarious infringement).

The Complaint is barren of any allegations that Society Goat profited from the alleged infringement or had the ability to control any direct infringer. As discussed above, it is impossible to determine over whom Society Goat would have needed to have control or the ability to supervise, because the Complaint does not identify the direct infringer, or to determine the means

by which it was able to exercise such control.  With respect to profits,  Plaintiff alleges in conclusory fashion that "[i]n sharing the spectacular photographs to their tens of millions of social media followers, the [Plaintiff] is informed and believes and based thereon alleges the Defendants did in fact profit directly from the use of the [Plaintiff's] copyrighted photographs."  [D.E. 1 at ¶31].  The Complaint, however, does not allege that Society Goat posted the photographs to its social media pages.  In fact, it fails to state who controls the social media pages on which the images were displayed, or how Society Goat may have profited from such postings.  These allegations are insufficient to state a claim for vicarious infringement against Society Goat.

### Conclusion

Plaintiff's claims are insufficiently pled as to Society Goat and therefore the Complaint should be dismissed as to Society Goat.

WHEREFORE,  Defendant, Society Goat, LLC, respectfully requests that the Court enter an order dismissing the Complaint as to Society Goat, LLC, and for such other relief the Court deems just and equitable.

Respectfully submitted,

Dated: June 8, 2021                    By:  */s/Yolanda P. Strader*
                                       Merrick L. Gross (FBN 716677)
                                       mgross@carltonfields.com
                                       William Giltinan (FBN 27810)
                                       wgiltinan@carltonfields.com
                                       Yolanda Strader (FBN 70212)
                                       ystrader@carltonfields.com
                                       CARLTON FIELDS, P.A.
                                       700 NW 1st Avenue, Suite 1200
                                       Miami, FL 33136
                                       Telephone: (305) 530-0050
                                       Facsimile: (305) 530-0055

                                       *Attorneys for Society Goat, LLC*

126198499.1