UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CREATIVE KLICK AGENCY, LLC,

       Plaintiff,

v.

IGNITE INTERNATIONAL, LTD.; IGNITE SPIRITS, INC.; IGNITE INTERNATIONAL BRANDS, LTD.; DANIEL BILZERIAN; SOCIETY GOAT LLC; and DOES 1-3,

       Defendants.

CASE NO. 21-60789-CIV-COHN/STRAUSS

**PLAINTIFF'S RESPONSE TO DEFENDANT, SOCIETY GOAT LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Plaintiff, CREATIVE KLICK AGENCY, LLC (hereinafter "CKA"), by and through its undersigned counsel, hereby files its Response to Defendant, SOCIETY GOAT LLC's (hereinafter "GOAT") Motion to Dismiss Plaintiff's Complaint [DE #9], and in support thereof, states as follows:

1. Defendant GOAT has moved to dismiss all three counts alleged against GOAT in CKA's Complaint and Demand for Jury Trial [DE #1]. GOAT argues that CKA failed to state a claim for Count I (Willful Copyright Infringement), Count II (Contributory Copyright Infringement), and Count III (Vicarious Copyright Infringement). All three of these counts are brought against all Defendants to this action, which includes IGNITE INTERNATIONAL, LTD.; IGNITE SPIRITS, INC.; IGNITE INTERNATIONAL BRANDS, LTD.; and DANIEL

CASE NO. 21-60789-CIV-COHN/STRAUSS

BILZERIAN (collectively, the "<u>Ignite Defendants</u>"); as well as DOES 1-3 (collectively, the "<u>Instagram Accounts</u>")[1].

2. Specifically, GOAT argues that CKA's Complaint fails to allege "that [GOAT] directly committed any alleged infringing acts, directed, or had authority to direct, any of the other defendants to commit any alleged infringing acts, or in any way profited from any alleged infringing act." However, a review of the Complaint contradicts GOAT's argument.

3. Notably, GOAT's Motion appears to concede (at least for the purposes of its Motion to Dismiss) that CKA does in fact own a valid copyright to the complained-of photographs.

4. Pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), when evaluating a motion to dismiss brought pursuant to Rule 12(b)(6), a court must first determine what allegations are entitled to a presumption of truth, and second, whether the plaintiff may obtain relief under those allegations. *See Boone v. United States*, 2015 U.S. Dist. LEXIS 160904, at *6 (N.D. Fla. Oct. 26, 2015). A court should not judge whether the factual allegations are realistic, dramatic, or hyperbolic, but rather should determine whether the allegations are of such a conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 556 U.S. at 681.

I. **<u>The Complaint States a Valid Claim for Willful Copyright Infringement</u>.**

5. First, GOAT argues that Count I failed to state a claim because CKA fails to allege that "[GOAT] copied any of the photographs at issue."

---

[1] DOE 1's Instagram account handle is @ignite; DOE 2's Instagram account handle is @ignite.spirits; and DOE 3's Instagram account handle is @sashagoat. The true owners of these accounts are presently unknown to CKA.

2

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

6. CKA need not allege that GOAT made physical copies of the subject photographs because "[d]irect evidence of copying is rarely available." *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970); *Disney Enters. v. Bartels*, 2007 U.S. Dist. LEXIS 114974, at *10 (S.D. Fla. Feb. 22, 2007) (in granting plaintiff's motion for summary judgment, holding that "[i]t is well-established . . . that a claim for copyright infringement may be proved through circumstantial evidence."); *see also* 2 THE LAW OF COPYRIGHT § 14:11 (2006) ("Where direct proof of copying is not available, the copyright owner may prove copying indirectly, by using circumstantial evidence . . .")). In the case *sub judice*, CKA may show circumstantial evidence of copying by alleging that (1) GOAT had access to the copyrighted work and (2) that the copied work is so similar to the original work that "an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Bartels*, 2007 U.S. Dist. LEXIS 114974, at *7-8 (*quoting Benson v. Coca-Cola Co.*, 795 F.2d 973, 974 (11th Cir. 1986)).

7. In properly alleging direct copyright infringement against GOAT, CKA's Complaint alleges the following:

   a. GOAT told CKA that the Ignite Defendants sought to hire a social media manager and part of that position would include photography and content output. GOAT contacted CKA to collaborate and submit a joint proposal to manage these massive social media accounts with CKA taking control of the photography aspect of the position. [DE #1 at ¶ 18].

   b. GOAT was hired by the Ignite Defendants as the social media manager, but continue to pursue a partnership and/or informal collaboration which involved CKA providing high-end photography. [DE #1 at ¶ 20].

   c. GOAT told CKA that the Ignite Defendants were "prepared to hire [CKA]," and that the Ignite Defendants wanted to first see samples of CKA's work. [DE #1 at ¶¶ 21-22].

   d. CKA sent four sample photographs to GOAT and the Ignite Defendants. [DE #1 at ¶ 23; Composite Exhibit A].

3

  e. Derivative works clearly based upon those four photographs appeared on the Ignite Defendants' website and Instagram accounts, as well as DOES 1-3's Instagram Accounts.  [DE #1 at ¶¶ 27-29; Composite Exhibit B].

  f. The use of these four photographs occurred after GOAT had been hired by the Ignite Defendants to manage their social media accounts.  [DE #1 at ¶ 20].

 8. The Complaint clearly alleges that GOAT had access to the copyrighted work, [DE #1 at ¶ 23; Composite Exhibit A], and that the copied work is so similar to the original work that "an average lay observer would recognize the alleged copy as having been appropriated from the original work," [DE #1 at ¶ 27-29; Composite Exhibit B].  *Bartels*, 2007 U.S. Dist. LEXIS 114974, at *7-8 (citations omitted).

 9. CKA's Complaint alleges both elements of circumstantial evidence of direct copyright infringement by GOAT, which is sufficient for a plaintiff to prevail at summary judgment, *see Id.* at *9, and therefore these allegations are sufficient for a plaintiff to defeat a motion to dismiss.  *See e.g., Boone*, 2015 U.S. Dist. LEXIS 160904, at *5-7 (analyzing the differences between the standards of review for a Rule 12(b) motion to dismiss and a Rule 56 motion for summary judgment).

 10. "The absence of intent to infringe is no defense; a defendant who directly infringes upon the exclusive rights of a copyright owner is liable even if the infringement was 'innocent' or 'accidental.'"  *Live Face on Web, LLC v. Tweople, Inc.*, 2014 U.S. Dist. LEXIS 191889, at *9 (M.D. Fla. June 23, 2014) (*quoting Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 829 (8th Cir. 1992)).  Because the Complaint properly and specifically alleges that GOAT was in control of the Ignite Defendants' Instagram accounts, GOAT is liable as a direct infringer of CKA's copyrighted photographs.

4

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

11. As a result, CKA respectfully requests that this Honorable Court deny GOAT's Motion to Dismiss with regard to Count I.

## II. The Complaint States a Valid Claim for Contributory Copyright Infringement.

12. With regard to Count II, GOAT argues that it should be dismissed because the Complaint "fails to state a claim for contributory copyright infringement as to [GOAT]," and that there is no allegation as to "how [GOAT] induced, caused or materially contributed to the infringing conduct of the direct infringer." GOAT again raises the argument that CKA failed to identify the direct infringer.

13. "One infringes contributorily by intentionally inducing or encouraging direct infringement." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Relying on the same allegations from the Complaint as outlined in the subparagraphs to paragraph 6 of the instant response, it is again clear from the allegations that GOAT was hired by the Ignite Defendants to manage their social media accounts, including the content output therefrom. [*see* DE #1 at ¶¶ 18, 20-23.]

14. Therefore, even if GOAT was not the direct infringer for each and every instance of direct infringement as alleged in the Complaint and as shown in Composite Exhibit B of the Complaint, CKA has properly plead that GOAT is responsible for contributory copyright infringement in those instances where it is not the direct infringer.

15. Rule 8(d) of the Federal Rules of Civil Procedure explicitly provides, *inter alia*, that alternative and/or inconsistent statements of claim are permissible in pleadings. Therefore, whether the evidence later shows that GOAT is solely the true direct infringer for each instance of direct infringement, or whether GOAT had contributorily infringed upon CKA's copyrights,

5

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

CKA's Complaint is properly plead and alleges valid causes of action against GOAT for both direct and contributory copyright infringement. *Tomelleri v. Orlando Lakes & Wetlands, Inc.*, 2020 U.S. Dist. LEXIS 57385, at *4-5 (S.D. Fla. Mar. 30, 2020) ("Each count presents alternative factual theories for how the infringement occurred, but each alleges only one legal cause of action — copyright infringement. This form of pleading is permissible . . .").

16. As a result, CKA respectfully requests that this Honorable Court deny GOAT's Motion to Dismiss with regard to Count II.

### III.  The Complaint States a Valid Claim for Vicarious Copyright Infringement.

17. Lastly, GOAT's Motion argues that Count III should be dismissed because CKA's Complaint fails to allege that GOAT "profited from the alleged infringement or had the ability to control any direct infringer," or that GOAT "posted the photographs to its social media pages."

18. "One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Grokster*, 545 U.S. 913 at 930 (2005). CKA's Complaint alleges just that – (1) GOAT was hired to be in charge of the Ignite Defendants social media output [DE #1 at ¶ 20]; (2) GOAT obtained a direct financial benefit from the infringing activities [DE #1 at ¶¶ 30, 52]; and (3) as social media manager for – at the very least – the Ignite Defendants' Instagram accounts (as well as possibly DOE 1-3's Instagram Accounts), GOAT declined to exercise a right to stop or limit the infringement [DE #1 at ¶¶ 20, 51].

19. Once again, even if GOAT is not the sole direct infringer under these circumstances, GOAT may still be liable for vicarious copyright infringement. Fed. R. Civ. P. 8(d)(2); *see Tomelleri*, 2020 U.S. Dist. LEXIS 57385, at *4-5.

6

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

CASE NO. 21-60789-CIV-COHN/STRAUSS

20.     Therefore, CKA respectfully requests that this Honorable Court deny GOAT's Motion to Dismiss with respect to Count III.

**IV.     <u>Dismissal With Prejudice is Inappropriate.</u>**

21.     If, *arguendo*, this Court in its judgment determines that CKA has not alleged sufficient facts in its Complaint to sustain any one or more counts against GOAT, CKA should be entitled to amend its complaint to correct the deficiencies identified by this Honorable Court.

22.     A complaint should be dismissed with prejudice when "amendment would be futile." *Green v. City of Lawrenceville*, 745 F. App'x 881, 884 (11th Cir. 2018) (*citing Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004)). "The Eleventh Circuit has recognized that '[a]fter a district court grants an opportunity to amend and identifies the pleading's deficiencies, if the plaintiff fails to submit a proper pleading, dismissal with prejudice is appropriate.'" *Garcia v. Goodwill Indus. of S. Fla.*, No. 18-25042-CIV, 2019 U.S. Dist. LEXIS 198676, at *12 (S.D. Fla. Nov. 15, 2019) (*quoting Bloom v. Alvereze*, 498 F. App'x 867, 884 (11th Cir. 2012)).

WHEREFORE, the Plaintiff, CREATIVE KLICK AGENCY, LLC, respectfully requests that this Court denies the Defendant, SOCIETY GOAT LLC's, Motion to Dismiss Plaintiff's Complaint, and grants any other relief this Court may deem just and proper.

ROMAGUERA LAW GROUP, P.A.
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078

CASE NO. 21-60789-CIV-COHN/STRAUSS

Respectfully Submitted,

*Dated: June 21, 2021.*                **ROMAGUERA LAW GROUP**
*Counsel for Creative Klick Agency, LLC*
11911 U.S. Highway One | Suite 303
North Palm Beach, FL 33408
Telephone:    (561) 472-1077
Facsimile:    (561) 472-1078
Service:      Pleadings@RomagueraLaw.com
Scheduling:   MGallagher@RomagueraLaw.com

 ***/s/ Christian Romaguera***
Raul Romaguera, Esquire
Florida Bar No. 0915858
RR@RomagueraLaw.com
Christian Romaguera, Esquire
Florida Bar No. 1012179
CR@RomagueraLaw.com

Our File No. 1313.2682

## CERTIFICATE OF SERVICE – CM/ECF

**I HEREBY CERTIFY** that on this **21st day of June 2021**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, thereby furnishing copies to: **YOLANDA P. STRADER, ESQUIRE**, ystrader@carltonfields.com, CARLTON FIELDS, P.A., *Counsel for Society Goat LLC*.

 */s/ Christian Romaguera*
**Christian Romaguera, Esq.**

8

**ROMAGUERA LAW GROUP, P.A.**
11911 U.S. HIGHWAY ONE | SUITE 303 | NORTH PALM BEACH, FLORIDA 33408
TELEPHONE: 561-472-1077 | FACSIMILE: 561-472-1078